UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| PHILLIP MAXEY, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) CIVIL COMPLAINT |
| INTERMOUNTAIN CREDIT SERVICES | ) JURY DEMAND |
| Defendant | ) |

Plaintiff, Phillip Maxey, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, Intermountain Credit Services (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

1

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the City of Meridian, Idaho, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a corporation in the business of collecting consumer debts in the State of Idaho, with its corporate address as 410 S. Orchard St., Suite 124, Boise, Idaho 83705 and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6. Defendant acquired an alleged debt of $379.52 owed by Plaintiff to Forever Green at a point in time better known to Defendant.

7. The alleged debt is one that arose out of a transaction for personal purposes.

8. At some point in time prior to June 2014, Defendant began calling Plaintiff in an attempt to collect the debt often as much as five or six times per day.

9. In an attempt to collect the debt, Defendant sent Plaintiff a collection letter dated June 13, 2014.

10. The June 13, 2014 letter was the first letter that Plaintiff received from Defendant.

11. The June 13, 2014 letter was not sent within five days of the initial telephonic communication.

12. The June 13, 2014 letter stated that:

> The above referenced balance is to be paid in full within TEN (10) days from the date of this letter. If you do not respond within that time, a summons and complaint will be filed in district court in the county where

2

you reside. If Intermountain Credit Services Inc. files legal action against you, we will also seek to recover legal costs incurred in filing this action, including reasonable attorney fees; allowed by law under Idaho Code 12 Section 120. If you wish to avoid paying additional legal costs, call our office today.

13. Defendant's collection letter failed to advise that if the consumer does not dispute the debt within thirty days of receipt of the letter, the debt collector will assume the debt is valid.

14. Defendant's collection letters fail to advise that upon a dispute in writing from the consumer within thirty days, the debt collector will obtain verification of the debt or the name and address of the original creditor, if different from the current creditor, the request must be made in writing.

15. Defendant never sent additional communication to Plaintiff after the June 13, 2014 letter.

16. Plaintiff never contacted Defendant or made payments on the debt after receipt of this letter.

17. Defendant has never initiated suit against Plaintiff at any point in time in an attempt to collect the alleged debt.

18. Defendant never intended to initiate suit against Plaintiff to collect the alleged debt.

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692(e)(5)

19. Plaintiff repeats the allegations contained in paragraphs 1 through 18 and incorporates them as if set forth at length herein.

20. Defendant sent Plaintiff a collection letter dated June 13, 2014 stating that if Plaintiff did not respond within ten days, "a summons and complaint will be filed in district court."

21. Plaintiff did not contact Defendant or pay the alleged amount owed to Defendant.

3

22. Defendant never filed suit against Plaintiff at any point in time after sending the June 13, 2014 collection letter.

23. Defendant's legal threats violate 15 U.S.C. § 1692e(5) which prohibit "the threat to take any action that cannot legally be taken or that is not intended to be taken."

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692(e)(10)

24. Plaintiff repeats the allegations contained in paragraphs 1 through 23 and incorporates them as if set forth at length herein.

25. Defendant informed Plaintiff in its June 13, 2014 collection letter that it would file suit against Plaintiff if it did not receive a response from Plaintiff within ten days.

26. Defendant never intended to file suit against Plaintiff, but falsely threatened litigation in order to induce Plaintiff to pay the alleged debt.

27. Defendant's actions are a violation of 15 U.S.C. § 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g(a)(3)

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 27 herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's June 13, 2014 initial collection letter failed to advise that in the absence of a dispute from a consumer within thirty days, the debt collector is entitled to assume the

debt is valid.

30. Defendant's actions are in violation of 15 U.S.C. § 1692g(a)(3) which requires a statement in an initial collection letter that "unless the consumer, within thirty days, after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g(a)(4)

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 30 herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's June 13, 2014 initial collection letter failed to advise that the if the consumer disputes the debt in writing within thirty days, the debt collector is obligated to obtain verification of the debt or a copy of the judgment and mail the verification to the consumer.

33. Defendant's actions are in violation of 15 U.S.C. § 1692g(a)(4) which requires an initial collection letter to have a statement that "if the consumer notifies that debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

## COUNT V
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g(a)(5)

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 33 herein with the same force and effect as if the same were set forth

5

at length herein.

35. Defendant's June 13, 2014 initial collection letter failed to advise that the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, upon the consumer's written request within thirty days.

36. Defendant's actions are in violation of 15 U.S.C. § 1692g(a)(5) which requires an initial collection letter to have a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## COUNT VI
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g(a)

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 36 herein with the same force and effect as if the same were set forth at length herein.

38. Defendant began contacting Plaintiff via telephone in an attempt to collect the debt.

39. Defendant did not send Plaintiff a dunning letter within five days of the initial communication.

40. Defendant's actions are in violation of 15 U.S.C. § 1692g(a) which requires a written notice to be sent to the consumer within five days after the initial communication.

## JURY TRIAL DEMAND

41. Plaintiff hereby requests trial by jury.

WHEREFORE, Plaintiff, Phillip Maxey, respectfully requests that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

b. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3):

e. That the Court grant such other and further relief as may be just and proper.

Dated this 5th day of June 2015,

Respectfully Submitted,

Barkley Smith
Barkley Smith Law PLLC
910 Main Street, Suite 358C
Boise, ID 83702
Telephone: 314-322-7639
Email: barkley@barkleysmithlaw.com
Attorney for Plaintiff

Of Counsel to the Firm:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Fax: 201-608-7116
Email: matthew@lupoloverlaw.com